OPINION *Page 2 
{¶ 1} Plaintiffs-appellants Jacob and Tammy Garber appeal a judgment of the Court of Common Pleas of Richland County, Ohio, which sustained the motion of defendant-appellee Buckeye Chrysler-Jeep-Dodge of Shelby, L.L.C., to stay the matter pending arbitration pursuant to the parties' contract. Appellants assign one error:
 {¶ 2} "I. THE TRIAL COURT ERRED BY GRANTING DEFENDANT-APPELLEE'S MOTION TO STAY THE PROCEEDINGS PENDING ARBITRATION."
 {¶ 3} On September 14, 2007, appellants filed a complaint alleging appellee committed various acts which were unfair, deceptive, and unconscionable in selling a used car to appellants. Appellants sought to rescind the purchase contract or in the alternative, prayed for damages.
 {¶ 4} Defendant FirstMerit Bank was joined as a party defendant because it financed the purchase and agreed to be subject to all claims and defenses appellants could assert against appellee. FirstMerit filed an answer denying liability and also entering a cross claim against appellee for contribution and/or indemnification from appellee should any judgment be ultimately entered against FirstMerit. FirstMerit is not a party to this appeal.
 {¶ 5} Appellee did not file an answer to the complaint, but moved the court to stay the proceedings pending arbitration of the matter. Appellee attached a copy of the Buyer's Agreement to its motion.
 {¶ 6} The agreement contains an arbitration clause set out in a box separate from the financial information. It states: "Arbitration I agree that any controversy, dispute or claim arising out of or relating to this contract or breach thereof, including any claims *Page 3 
asserted in tort, fraud, violations of the Ohio Consumers Sales Practices Act, or otherwise, shall be settled by arbitration in accordance with the rules of the American Arbitration Association. I further agree and understand that I am giving up my right to a trial by jury by agreeing to arbitration; that the costs associated with arbitration shall be assessed against the party requesting arbitration; I further agree that I was given the right and opportunity to discuss this provision with a manager or my attorney; I further acknowledge that arbitration is not required for the purchase or financing of my vehicle and that I have received a copy of the contract containing the arbitration provision." (Emphasis sic.)
 {¶ 7} The box containing the arbitration clause has a place for the customer to initial the clause. The initials "JRG" appear.
 {¶ 8} At the bottom of the document, immediately above the signature lines the agreement states in bold: "I agree and understand that anydispute, claim or controversy arising out of or relating to thiscontract or a breach thereof shall be resolved by arbitration pursuantto the terms noted above." Immediately below the above language is a line for the signature of the sales person, a line labeled "accepted by" and two lines for buyers' signatures. Appellant Jacob Garber's signature appears on one of the buyer lines and the other line is blank.
 {¶ 9} Appellee filed its motion on November 27, 2007. On November 29, 2007, the trial court sustained the motion and stayed the matter. The trial court did not give appellants an opportunity to respond to the motion.
 {¶ 10} The United States Supreme Court recently decided the case ofBuckeye Check Cashing, Inc. v. Cardegna (2006), 546 U.S. 440,126 S. Ct. 1204, *Page 4 163 L. Ed. 2d 1038. In Buckeye, the Supreme Court reviewed a class-action alleging Buckeye had charged usurious interest rates, and the agreement Buckeye used violated various Florida lending and consumer protection laws. Buckeye moved the trial court to compel arbitration of the claim pursuant to an arbitration clause in the challenged contract. The United States Supreme Court held regardless of whether the challenge is brought in federal or state court, a challenge to the validity to the contract as a whole, not specifically to the arbitration clause, must be submitted to the arbitrator in the first instance.
 {¶ 11} In ATT Technologies, Inc. v. Communication Workers ofAmerica (1986), 475 U.S. 643, 106 S. Ct. 1415, 89 L. Ed. 2d 648, the Supreme Court held the question of whether the parties agreed to arbitrate must be decided by the court, rather than by the arbitrator. The Supreme Court cautioned a challenge to an order to arbitrate should be denied unless it may be said with positive assurance the arbitration clause is not susceptible to any interpretation that would cover the asserted dispute. Doubts should be resolved in favor of coverage.
 {¶ 12} The Ohio Supreme Court explained Ohio arbitration law inMaestle v. Best Buy Company, 100 Ohio St. 3d 330, 2003-Ohio-6465,800 N.E. 2d 7. Ohio has two different procedures for motions to stay proceedings pending arbitration set out in two separate statutes, R.C. 2711.02 and R.C. 2711.03.
 {¶ 13} R.C. 2111.02 (B) provides: "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on the *Page 5 
application of one of the parties stay the trial of action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
 {¶ 14} By contrast, R.C. 2711.03 (A) provides a party who alleges another party has failed to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction to issue an order that the arbitration proceed in the manner provided for in the written agreement. R.C. 2711.03 states: "The court shall hear the parties, and upon being satisfied the making of the agreement for arbitration or the failure to comply with the agreement is not an issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement."
 {¶ 15} The Maestle court found the procedural requirements set out in R.C. 2711.03 do not apply to a motion for stay made pursuant to R.C. 2711.02. The Supreme Court found a party may seek arbitration under both statutes, but if the petition only cites R.C. 2711.02, the trial court is not required to comply with any of the procedural requirements contained in R.C. 2711.03, Maestle, at paragraph 18.
 {¶ 16} In Lou Carbone Plumbing, Inc. v. Domestic Linen Supply Laundry Company, Trumbull App. No. 2002-T-0026, 2002-Ohio-7169, the 11th District Court of Appeals reviewed a situation where the appellant who opposed the arbitration challenged the validity of the entire contract. The court found an arbitration clause is essentially a contract within a contract, and hence an alleged failure of the overall contract does not necessarily invalidate the arbitration clause,Carbone at 7, citing ABM Farms, Inc. v. Woods, 81 Ohio St. 3d 498,1998-Ohio-612, 692 N.E. 2d 574. The Carbone court concluded a party challenging a motion to stay pending arbitration must *Page 6 
show the arbitration provision itself, not the contract in general, was fraudulently induced or is otherwise unenforceable. We agree. Reading the United States Supreme Court decisions in Buckeye andATT together, we find a general challenge to the entire contract, including the arbitration clause, must be submitted to the arbitrator to determine the validity of the entire contract. By contrast, if there is a specific challenge to the validity of the arbitration clause for reasons other than the challenge to the entire contract, then the trial court must first resolve the validity of the arbitration clause before ordering a stay and compelling arbitration.
 {¶ 17} Appellants' complaint only challenges the contract as a whole, and does not contain any separate, independent challenge to the arbitration clause. We find because appellants' complaint did not challenge the arbitration clause, appellants have waived any such challenge. Appellants' complaint submitted the matter to the trial court on the entire contract. For this reason, we find the trial court did not err in basing its decision on the pleadings and appellee's motion. Appellee's motion was made pursuant to R.C. 2711.02, which only requires the court to be satisfied the matter is referable to arbitration. The trial court is not required to conduct a hearing or give the appellants further opportunity to make a specific challenge to the arbitration clause.
 {¶ 18} Appellants also argue plaintiff-appellant Tammy Garber never co-signed the purchase agreement, and did not agree to the arbitration clause. Appellee responds Tammy Garber is not a proper party to the action. We do not reach these issues. Where an action involves both arbitrable and non-arbitrable claims, the entire proceeding must be stayed until the issues subject to arbitration are resolved,McGuffey v. Lenscrafters, Inc. (2001), 141 Ohio App. 3d 44,749 N.E. 2d 825. *Page 7 
 {¶ 19} We review a trial court's judgment on a motion to stay proceedings and compel arbitration using the abuse of discretion standard, Eagle v. Fred Martin Motor Company, 157 Ohio App. 3d 150,2004-Ohio-829, 809 N.E. 2d 1161. An abuse of discretion implies the trial court's attitude is unreasonable, arbitrary, or unconscionable, see, e.g., Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217,450 N.E. 2d 1140. A decision is unreasonable if there is no sound reasoning process that would support the decision, AAAA Enterprises, Inc. v. River PlaceCommunity Urban Redevelopment Corporation (1990), 50 Ohio St. 3d 157
at 161, 553 N.E. 2d 597.
 {¶ 20} We conclude the trial court did not abuse its discretion in sustaining the motion to stay proceedings and compel arbitration.
 {¶ 21} The assignment of error is overruled.
 {¶ 22} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
 By Gwin, P.J., Wise, J., and Delaney, J., concur *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellants *Page 1