DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Parkview Homes, Inc., appeals from the judgment of the Summit County Court of Common Pleas. This Court reverses and remands for proceedings consistent with this opinion.
 I. {¶ 2} On approximately September 30, 2004, Appellant, Parkview Homes, Inc. ("Parkview"), and Appellee, Charles Ault, entered into a Purchase Agreement ("the Agreement") for the construction and sale of a new home to be located in Stow, Ohio. The Agreement contained an arbitration clause whereby the parties agreed that any disputes relating to the agreement would be submitted to binding arbitration with the Ohio Arbitration and Mediation Center ("OAMC").
 {¶ 3} Ault closed on the property on or about June 15, 2005. Shortly thereafter, he alleges that he was unable to take possession of the home as a result of a variety of problems *Page 2 
with the structure. As a result of Ault's dissatisfaction with the home, on June 9, 2006, Ault filed a demand for arbitration and complaint in arbitration with the OAMC, as required by the Agreement. Parkview filed a response. OAMC scheduled a mediation conference for December 5, 2006. The parties participated in the mediation but were unable to resolve their dispute. During the next 14 months no arbitration hearings were scheduled or held by the OAMC.
 {¶ 4} Ault's counsel sent a letter dated February 5, 2008, to the OAMC in which he purported to document his client's repeated efforts to have the OAMC conclude the matter through binding arbitration. In the letter, Ault's counsel requested that the matter be withdrawn from the [OAMC] or "at a minimum" that the OAMC provide "some explanation as to the status of [the] matter."
 {¶ 5} On May 29, 2008, with no arbitration hearings in view, Ault filed a complaint against Parkview Homes in the Summit County Court of Common Pleas alleging breach of contract, fraud, violations of the Consumer Sales Practices Act, negligence and breach of warranty. Ault alleged that the arbitration clause in the Agreement had failed of its essential purpose, i.e. to provide the parties with an efficient and speedy procedure to settle their disputes, because no arbitration was ever scheduled and no arbitrator was ever appointed. On June 17, 2008, Parkview filed a motion to stay the proceedings pending arbitration. In its motion, Parkview argued that the Agreement contained a binding arbitration clause and that Ault had invoked the arbitration process. Parkview argued that, pursuant to R.C. 2711.02, the trial court was required to stay the proceedings pending the arbitration. Ault filed a brief in response and Parkview filed a reply thereto. On July 17, 2008, without holding a hearing, the trial court denied Parkview's motion to stay. In its decision, the trial court held that the arbitration provision had failed of its essential purpose. On July 24, 2008, Parkview filed its answer to the *Page 3 
complaint. Parkview timely appealed the trial court's order, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED TO THE PREJUDICE OF [PARKVIEW] IN DENYING [PARKVIEW'S] MOTION TO STAY PROCEEDINGS PENDING ARBITRATION."
 {¶ 6} In its sole assignment of error, Parkview argues that the trial court erred to its prejudice in denying its motion to stay the proceedings pending arbitration. As we further explain herein, we find that the trial court erred in failing to hold an evidentiary hearing prior to ruling on the motion to stay.
 {¶ 7} When addressing whether a trial court has properly granted or denied a motion to stay proceedings and compel arbitration, the standard of review is abuse of discretion. Carter Steel Fabricating Co. v.Danis Bldg. Constr. Co. (1998), 126 Ohio App.3d 251, 254; Harsco Corp.v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Questions of law, however, are reviewed under a de novo standard of review. George FordConstr., Inc. v. Hissong, 9th Dist. No. 22756, 2006-Ohio-919, at ¶ 6.
 {¶ 8} Unlike the statute governing actions to compel arbitration, R.C. 2711.02, which governs motions for a stay of proceedings pending arbitration, does not require an evidentiary hearing. (Emphasis added.)Maestle v. Best Buy Co., 100 Ohio St.3d 330, 2003-Ohio-6465, at ¶ 16. While the Ohio Supreme Court in Maestle intimated that the court hasdiscretion to hold a *Page 4 
hearing in such cases, it concluded that "it is not appropriate to read an implicit requirement into the statute." (Emphasis added.) Id. at ¶ 19.
 {¶ 9} Under R.C. 2711.02(B), the trial court must determine that the issue is referable to arbitration pursuant to a written agreement to arbitrate before it may stay proceedings pending arbitration. R.C. 2711.02(B), provides
 "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
 {¶ 10} In its order, the trial court stated that it had reviewed the motion to stay, the brief in opposition, the pleadings and the applicable law. The trial court's decision, as well as the trial court record, reflects that the trial court did not hold an evidentiary hearing regarding the motion to stay. Consequently, the only evidence before the trial court to support Ault's contentions that the arbitration clause failed of its essential purpose and specifically, that Ault made numerous unsuccessful attempts to have the OAMC schedule the arbitration hearing, was the February 5, 2008 letter in which Ault's counsel vaguely stated that he had not heard back from the OAMC after making "multiple recent correspondences" to them.
 {¶ 11} The trial court's decision was not supported by the evidence. In its decision, the trial court stated: "Plaintiff asserts *** that he undertook all necessary steps to effectuate arbitration[.], and "He further alleges that *** the OAMC eventually set this matter for mediation on December 5, 2006 *** and that since that period of time, Plaintiff has made numerous attempts to have the OAMC schedule this matter for future hearing to no avail." (Emphasis added.) *Page 5 
 {¶ 12} The trial court's use of the words "asserts" and "alleges" also indicates the trial court's view that these matters might be disputed, and certainly were not conclusively proven. In Parkview's reply in support of its motion to stay, it expressed its view that the delay in scheduling the arbitration hearing was caused, at least in part, by Ault. Further, based on the fact that Parkview filed the motion to stay, one can deduce that it disagreed with Ault's argument that litigation was necessary.
 {¶ 13} Given the lack of evidence to support the trial court's factual determinations, and the parties' dispute as to the cause of delay of the arbitration, "[w]e find that, under the particular circumstances of this case, the trial court abused its discretion by failing to conduct an evidentiary hearing" on the motion to stay. Webb v. ALC of W. Cleveland,Inc., 8th Dist. No. 90843, 2008-Ohio-4875, at ¶ 1. Accordingly, we must remand this matter for the trial court to hold an evidentiary hearing. Parkview's sole assignment of error is sustained.
 III. {¶ 14} Parkview's sole assignment of error is sustained. The judgment of the Summit
County Court of Common Pleas is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 6 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
 DICKINSON, J. WHITMORE, J. CONCUR *Page 1