[Cite as *Brownlee v. Cleveland Clinic Found.*, 2012-Ohio-2212.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97707**

---

# JOHN D. BROWNLEE, M.D.

PLAINTIFF-APPELLANT

vs.

# CLEVELAND CLINIC FOUNDATION, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-753739

**BEFORE:**   Boyle, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   May 17, 2012

**ATTORNEYS FOR APPELLANT**

Caryn M. Groedel
Chastity L. Christy
Matthew M. Ries
Caryn Groedel & Associates Co., LPA
31340 Solon Road
Suite 27
Solon, Ohio    44139


**ATTORNEYS FOR APPELLEES**

Robert I. Koury
Robert M. Wolff
Littler Mendelson, P.C.
1100 Superior Avenue
20th Floor
Cleveland, Ohio    44114

MARY J. BOYLE, J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Plaintiff-appellant, John Brownlee, M.D., appeals the trial court's decision granting the motion to stay proceedings pending arbitration filed by defendants-appellees, Cleveland Clinic Foundation and Dr. Gus Kious (collectively "CCF"). Finding no merit to the appeal, we affirm.

{¶3} In July 2011, Brownlee filed an amended complaint against CCF, asserting eleven causes of action. The claims arose out of Brownlee's former employment with CCF and a Settlement Agreement executed between the parties in August 2010, following the severing of Brownlee's relationship with CCF. The Settlement Agreement contained the following arbitration provision:

In the event of any controversy, dispute, disagreement or claim arising out of, relating to, in connection with or concerning this Agreement, and upon written notice by the party asserting any such controversy, dispute, disagreement or claim, the parties agree to confer in good faith and attempt to resolve the controversy, dispute, disagreement or claim informally. If such controversy, dispute, disagreement or claim is not resolved within thirty (30) days, the controversy, dispute, disagreement or claim shall be submitted to binding arbitration in Cleveland, Ohio under the rules of the American Arbitration Association then in effect. The parties shall appoint a single arbitrator selected mutually or selected according to the procedures of the Cleveland Office of the American Arbitration [sic] then in effect. The arbitrator's decision is final and binding upon [the] parties. Each party shall pay one-half of the fees and expenses of the arbitrator. Any ambiguity regarding the arbitrability of any dispute shall be resolved in favor of arbitrability * * *.

{¶4} Relying on the above arbitration provision contained in the parties' Settlement Agreement, CCF filed a motion to stay proceedings pending arbitration pursuant to R.C. 2711.02. Brownlee opposed the motion, arguing that enforcing the arbitration clause "violates the principles of equity and conscionability" because the Settlement Agreement was fraudulently induced. According to Brownlee, the consideration for obtaining his consent to the Settlement Agreement was CCF's promise to keep the circumstances surrounding his exit from CCF confidential and to report only what was required by law — a promise that CCF never kept. He further argued that CCF failed to establish that it would suffer hardship if the proceedings were not stayed.

{¶5} The trial court subsequently granted CCF's motion to stay the proceedings pending arbitration. Brownlee appeals, raising two assignments of error:

{¶6} "[I.] The trial court erred in issuing an order compelling the parties to arbitrate without first conducting an evidentiary hearing.

{¶7} "[II.] The trial court erred in granting appellees' motion to stay the proceedings pending arbitration without affording the parties a reasonable opportunity to conduct discovery regarding the enforceability of the arbitration clause."

### Standard of Review

{¶8} The parties dispute the applicable standard of review governing this case, both citing to decisions of this court with varying holdings in the area. This court, however, has recently addressed this dispute, explaining that the appropriate standard of review depends on "the type of questions raised challenging the applicability of the arbitration provision." *McCaskey v. Sanford-Brown College*, 8th Dist. No. 97261,

2012-Ohio-1543, ¶ 7. Generally, an abuse of discretion standard applies in limited circumstances, such as a determination that a party has waived its right to arbitrate a given dispute. *Id.*, citing *Milling Away, L.L.C. v. UGP Properties, L.L.C.*, 8th Dist. No. 95751, 2011-Ohio-1103, ¶ 8. But the issue of whether a party has agreed to submit an issue to arbitration or questions of unconscionability are reviewed under a de novo standard of review. *See Shumaker v. Saks Inc.*, 163 Ohio App.3d 173, 2005-Ohio-4391, 837 N.E.2d 393 (8th Dist.); *Taylor Bldg. Corp. Of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12.

{¶9} In this case, where we are reviewing a trial court's decision to grant a motion to stay after finding that the claims are subject to arbitration and there is no issue of waiver, we apply a de novo standard of review. Indeed, "[t]he abuse of discretion standard of review has no application in the context of the court deciding to stay proceedings pending the outcome of arbitration because a stay in such circumstances is mandatory, not discretionary." *N. Park Retirement Community Ctr., Inc. v. Sovran Cos., Ltd.*, 8th Dist. No. 96376, 2011-Ohio-5179, ¶ 7 (recognizing that R.C. 2711.02(B) imposes a mandatory duty to stay the proceedings, leaving no discretion for the trial court upon being satisfied that the matter was subject to arbitration); *see also McCaskey* at ¶ 9. Under a de novo standard of review, we give no deference to a trial court's decision. *Akron v. Frazier*, 142 Ohio App.3d 718, 721, 756 N.E.2d 1258 (9th Dist.2001).

Evidentiary Hearing

{¶10} In his first assignment of error, Brownlee argues that the trial court erred in granting CCF's motion to stay without first holding an evidentiary hearing.

{¶11} The Ohio Arbitration Act, contained within R.C. Chapter 2711, provides two different mechanisms by which a party may enforce an arbitration provision. In accordance with R.C. 2711.02, a party may apply to the trial court to "stay the trial of [an] action [pending before the court] until arbitration of the issue has been had in accordance with the agreement." R.C. 2711.02(B). Alternatively, under R.C. 2711.03, a party may file a motion to compel arbitration, petitioning the court "for an order directing that the arbitration proceed in the manner provided for in the written agreement." R.C. 2711.03(A).

{¶12} Although these provisions each require a trial court to determine whether an arbitration provision is enforceable, "the statutes are separate and distinct provisions and serve different purposes." *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7. And while R.C. 2711.03 contains a requirement for a hearing, R.C. 2711.02 does not. *Id*. at ¶ 19. As stated by the Ohio Supreme court in *Maestle*:

> While it is within a trial court's discretion to hold a hearing when considering whether a R.C. 2711.02 stay is warranted, that statute does not on its face require a hearing, and it is not appropriate to read an implicit requirement into the statute. *Id.*

{¶13} Despite acknowledging that CCF filed a motion to stay under R.C. 2711.02, which does not have an express hearing requirement, Brownlee argues that an evidentiary hearing was still required because (1) the trial court granted the remedy

provided under R.C. 2711.03, ordering the parties to submit the claims to arbitration; and (2) there was an issue regarding the enforceability of the arbitration provision as being unconscionable and fraudulently induced, which required the consideration of evidence to resolve. We find these arguments unpersuasive.

{¶14} Despite his argument on appeal, Brownlee never requested an oral hearing in opposing CCF's motion to stay. Further, it is undisputed that CCF's motion solely sought an order to stay the proceedings consistent with R.C. 2711.02, which does not require the trial court to hold a hearing. To the extent that the trial court's journal entry granting the motion to stay further stated that "the parties are hereby ordered to arbitration," we do not find this grounds for reversal. Indeed, the logical consequence of CCF obtaining a stay of the proceedings pending arbitration is that the parties will submit the matter to arbitration.

{¶15} The record further reveals that the Brownlee's challenge of the arbitration provision could be resolved as a matter of law. Brownlee never disputed that he entered into a Settlement Agreement that contains an arbitration provision. Nor did he dispute that his claims fell within the scope of the arbitration provision. Brownlee challenged the arbitration provision as being unenforceable because it is contained in a settlement agreement that was "fraudulently induced" and signed "under duress."[1]

---

[1] Although Brownlee made a blanket statement in his brief in opposition to CCF's motion to stay that "the arbitration clause was fraudulently induced," his argument was premised on the clause being part of a larger agreement that was fraudulently induced. Indeed, while Brownlee's amended complaint challenges the Settlement Agreement as a whole, it contains no mention of the arbitration provision.

{¶16} But it is well settled that "to defeat a motion to stay brought pursuant to R.C. 2711.02, a party must demonstrate that the arbitration provision itself * * * and not merely the contract in general" is invalid. *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 502, 692 N.E.2d 574 (1998). "Because the arbitration clause is a separate entity * * * an alleged failure of the contract in which it is contained does not affect the provision itself." *Id.* Thus, when a party opposing a motion to stay proceedings under R.C. 2711.02 challenges the contract as a whole, the motion to stay should be granted and the "general challenge to the entire contract, including the arbitration clause, must be submitted to the arbitrator to determine the validity of the entire contract." *Garber v. Buckeye Chrysler-Jeep Dodge of Shelby*, 5th Dist. No. 2007-CA-0121, 2008-Ohio-3533, ¶ 16. This court has consistently held the same; a challenge to an agreement allegedly procured by fraud does not defeat a motion to stay proceedings pending arbitration when there is no separate claim that the arbitration clause itself contained in the agreement was fraudulent induced. *See, e.g.*, *Mak v. Silberman*, 8th Dist. No. 95590, 2011-Ohio-854; *Short v. Resources Title Agency*, 8th Dist. No. 95839, 2011-Ohio-1577; *Coble v. Toyota of Bedford*, 8th Dist. No. 83089, 2004-Ohio-238.

{¶17} Accordingly, we find no error in the trial court granting CCF's motion to stay without holding an evidentiary hearing. The first assignment of error is overruled.

Discovery

{¶18} In his second assignment of error, Brownlee argues that the trial court erred in deciding the motion to stay without affording him a reasonable opportunity to conduct

discovery regarding the enforceability of the arbitration provision. But the record reveals that from the time the lawsuit was filed on April 22, 2011, until the time the trial court stayed the proceedings on November 18, 2011, Brownlee never once attempted to conduct discovery regarding the enforceability of the arbitration provision. To the extent that Brownlee served written discovery requests on CCF on November 7, 2011, these requests were unrelated to the arbitration provision. Thus, it appears that Brownlee could have obtained discovery earlier if he wanted.

{¶19} Further, Brownlee's challenge to the arbitration provision was based on the Settlement Agreement as a whole, not the arbitration provision itself — an argument that would not overcome a motion to stay. Thus, because Brownlee's arguments did not evidence a need for discovery, the trial court was not required to allow for it. *See Melia v. OfficeMax N. Am., Inc.*, 8th Dist. No. 87249, 2006-Ohio-4765, ¶ 38.

{¶20} The second assignment of error is overruled.

{¶21} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

KENNETH A. ROCCO, J., CONCURS;
MELODY J. STEWART, P.J., CONCURS IN JUDGMENT ONLY