[Cite as *Sultaana v. Drummond Fin. Servs., L.L.C.*, 2014-Ohio-938.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100424**

---

## HAKEEM SULTAANA

PLAINTIFF-APPELLANT

vs.

## DRUMMOND FINANCIAL SERVICES, L.L.C.

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-808554

**BEFORE:** Celebrezze, P.J., Keough, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 13, 2014

**FOR APPELLANT**

Hakeem Sultaana, pro se
Inmate No. 0171385
Cuyahoga County Jail
P.O. Box 5600
Cleveland, Ohio   44101


**ATTORNEYS FOR APPELLEE**

Tracey L. Turnbull
Brodie Butland
Porter, Wright, Morris & Arthur, L.L.P.
925 Euclid Avenue
Suite 1700
Cleveland, Ohio   44115

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

**{¶2}** Pro se appellant, Hakeem Sultaana, brings the instant appeal challenging the trial court's decision staying the underlying case pending arbitration brought by appellee, Drummond Financial Services, d.b.a. LoanMax ("Drummond"). Sultaana argues that he is not subject to the arbitration clause because he opted out of the provision by its terms. He also argues the trial court erred when it did not hold a hearing regarding the matter. After a thorough review of the record and law, we affirm.

## I. Factual and Procedural History

**{¶3}** Drummond operates lending businesses that specialize in short-term automobile-collateralized loans. On July 27, 2012, Sultaana secured an automobile title loan with Drummond. The agreement provided that Sultaana would receive $1,715 and would pay back to Drummond $2,239.52 in one month. Sultaana signed a credit service agreement with Drummond and a loan agreement with Integrity Funding Ohio, L.L.C. ("Integrity"), the actual lender of the funds. The loan was collateralized by a 1999 Cadillac DeVille. The agreements conspicuously noted in several places that they contained arbitration provisions. The agreements contained similar opt-out provisions where the borrower could opt out of arbitration by sending a notice to a specified address within 25 days of the signing of the document.

**{¶4}** Sultaana filed a complaint against Drummond on June 17, 2013. Therein, he asserted claims for "fraud, intentional fraud, negligent [sic], breach of contract, intentional emotional distress, misrepresentation, [and] privacy policy violations." On August 15, 2013, after receiving an extension of time to respond to the complaint, Drummond filed a motion to stay the case pending arbitration pursuant to R.C. 2711.02. Drummond attached a copy of the servicing agreement between it and Sultaana.

**{¶5}** Sultaana responded with a brief in opposition wherein he asserted that he was not bound by the arbitration provision because he had properly opted out. As evidentiary support, he attached a copy of a purported opt-out notice dated July 29, 2012.

**{¶6}** Drummond filed a reply brief wherein it asserted that it had never received an opt-out notice from Sultaana. It attached an affidavit from Drummond employee John McCloskey, who averred that he never received an opt-out notice from Sultaana. Drummond also attached a court filing made by Sultaana in a related criminal case. The "motion to compel arbitration in this criminal lawsuit via plain language of loan agreements/contracts" filed by Sultaana asserted:

> Alleged defendant, Hakeem Sultaana, moves pursuant to Ohio Criminal Rule 12 to have this court compel arbitration in this instant criminal lawsuit via [the] plain language of loan agreements/contracts.
>
> Clearly the contracts states any dispute pertaining to state claims, fraud, constitution, statute, regulation & common law MUST BE ARBITRATED.
>
> Thus alleged defendant opts to arbitrate, as a right pertaining to this indictment via language of contract.

**{¶7}** In response, Sultaana filed a reply, which was accepted by the trial court, asserting that the filing in his criminal case was regarding the loan agreement with Integrity, not the servicing agreement with Drummond. The trial court took all this under advisement and, on September 5, 2013, granted Drummond's motion to stay without holding a hearing. This appeal followed wherein Sultaana assigns one error for review:

> [The] trial court erred by staying proceedings pending arbitration when appellant timely opted out of arbitration; and erred by denying an oral hearing when fraud in the inducement of contract was presented in opposition; more so without giving a finding of fact of denying [sic].

## II. Law and Analysis

**{¶8}** R.C. 2711.02(B) provides:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

Review of a decision to stay pending arbitration differs based on the challenge asserted. Recently, this court held,

> the appropriate standard of review depends on "the type of questions raised challenging the applicability of the arbitration provision." *McCaskey v. Sanford-Brown College*, 8th Dist. No. 97261, 2012-Ohio-1543, ¶ 7. Generally, an abuse of discretion standard applies in limited circumstances, such as a determination that a party has waived its right to arbitrate a given dispute. *Id.*, citing *Milling Away, L.L.C. v. UGP Properties, L.L.C.*, 8th Dist. No. 95751, 2011-Ohio-1103, ¶ 8. But the issue of whether a party has agreed to submit an issue to arbitration or questions of

unconscionability are reviewed under a de novo standard of review. *See Shumaker v. Saks Inc.*, 163 Ohio App.3d 173, 2005-Ohio-4391, 837 N.E.2d 393 (8th Dist.); *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12.

*Brownlee v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 97707, 2012-Ohio-2212, ¶ 8.

{¶9} Public policy favors and encourages arbitration to avoid needless and expensive litigation. *Krafcik v. USA Energy Constants, Inc.*, 107 Ohio App.3d 59, 667 N.E.2d 1027 (8th Dist.1995). "While the state of Ohio favors arbitration as an expedient and cost-effective means of resolving disputes, a party who has not agreed to arbitrate a dispute cannot be forced to do so and give up her right to court adjudication of disputes." *Tedeschi v. Atrium Ctrs., L.L.C.*, 8th Dist. Cuyahoga No. 97647, 2012-Ohio-2929, ¶ 15, citing *Council of Smaller Ents. v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 665, 1998-Ohio-172, 687 N.E.2d 1352.

{¶10} Here, Sultaana does not allege that the dispute does not fall within the parameters of the broad arbitration provision. The primary question here is whether Sultaana agreed to submit his claims to arbitration, which we review de novo. To demonstrate that he did not, Sultaana supplied a copy of an opt-out notice he claims to have sent to Drummond per the terms of the servicing agreement. Drummond responded with an affidavit from an employee that manages opt-out notices received by the company. He averred that no notice was received by him from Sultaana. If this were all the evidence submitted in the matter, it may have been error by the trial court in failing to hold a hearing on the motion to stay. Where disputed evidence existed in the record,

appellate courts have reversed decisions staying or not staying cases pending arbitration when the trial court has failed to hold a hearing. *See, e.g., May v. Wachovia Secs., L.L.C.*, 9th Dist. Summit No. 24635, 2009-Ohio-4339; *Ault v. Parkview Homes, Inc.*, 9th Dist. Summit No. 24375, 2009-Ohio-586; *Webb v. ALC of W. Cleveland, Inc.*, 8th Dist. Cuyahoga No. 90843, 2008-Ohio-4875.

{¶11} However, Drummond also submitted Sultaana's pro se criminal court filing where he specifically argued for the enforcibility of the arbitration provisions that were the subject of this transaction. In attempting to avoid criminal prosecution for fraud, Sultaana asserted that all claims arising from the loan transactions were required to be arbitrated. Sultaana has asserted in a collateral legal proceeding the validity of the arbitration clause.

{¶12} Sultaana's response to this document does not deny the veracity of the filing or that it his. He asserted that it involved the loan agreement with Integrity and not the servicing agreement with Drummond. The filing specifically argued for the enforcement of the arbitration provisions in the "agreements/contracts." The use of plural language indicates Sultaana sought to enforce the arbitration provisions in multiple documents that relate to the fraud charges. The same transaction underpinned both the criminal case and Sultaana's civil case against Drummond.

{¶13} Faced with Sultaana's inconsistent statements, it was not error for the trial court to stay the case pending arbitration because it could properly conclude from the

evidence in the record, as we do, that the matter was subject to the arbitration provision found in the servicing agreement, of which Sultaana failed to opt out.

{¶14} Sultaana separately claims the trial court erred because he alleged fraud in the inducement of the servicing agreement.

{¶15} Sultaana carries the burden of demonstrating the unenforcibility of the arbitration provision. *Brownlee*, 8th Dist. Cuyahoga No. 97707, 2012-Ohio-2212, ¶ 16. Further, "[t]o defeat a motion for stay brought pursuant to R.C. 2711.02, a party must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, was fraudulently induced." *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 1998-Ohio-612, 692 N.E.2d 574, syllabus. Sultaana failed to carry that burden when his allegations of fraud in the inducement included no factual or evidentiary basis. He provided only bald, conclusory statements that the contract as a whole was procured through fraud.

> When a party opposing a motion to stay proceedings under R.C. 2711.02 challenges the contract as a whole, the motion to stay should be granted and the "general challenge to the entire contract, including the arbitration clause, must be submitted to the arbitrator to determine the validity of the entire contract."

*Brownlee* at ¶ 16, quoting *Garber v. Buckeye Chrysler-Jeep Dodge of Shelby*, 5th Dist. Richland No. 2007-CA-0121, 2008-Ohio-3533, ¶ 16.

{¶16} Sultaana asserted that he could produce evidence at a requested oral hearing. The Ohio Supreme Court has addressed the hearing requirement for motions to stay made under R.C. 2711.02. *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330,

2003-Ohio-6465, 800 N.E.2d 7.  There, it held there is no explicit hearing requirement and it is within the trial court's discretion to hold a hearing before ruling on the motion. *Id.* at ¶ 18.  An abuse of discretion connotes an arbitrary, unreasonable, or unconscionable decision made by the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶17} Here, Sultaana failed to demonstrate that a hearing was necessary because he offered nothing more than conclusory statements that the contract was procured through fraud.

### III.  Conclusion

{¶18} The trial court did not err in staying the case pending arbitration because Drummond demonstrated that Sultaana's claims were covered by the arbitration provision within the servicing agreement and that Sultaana had not opted out of that provision.  It was not necessary for the trial court to hold a hearing on Drummond's motion because Sultaana did not show in any way that the arbitration provision was fraudulently induced.

{¶19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR