[Cite as *Talmer Bank & Trust v. Schultz*, 2016-Ohio-2726.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 103306, 103432, and 103545**

---

# TALMER BANK AND TRUST
# S.B.M. TO FIRST PLACE BANK

PLAINTIFF-APPELLANT

vs.

# DARREN W. SCHULTZ, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-839515

**BEFORE:** Jones, A.J., Kilbane, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** April 28, 2016

**ATTORNEYS FOR APPELLANT**

James L. Sassano
Eric T. Deighton
Richard J. Feuerman
Carlisle McNellie Rini Kramer & Ulrich Co., L.P.A.
24755 Chagrin Blvd., Suite 200
Cleveland, Ohio 44122


**FOR APPELLEES**

Darren Schultz, pro se
Lynn Schultz, pro se
9776 Maurer Drive
Olmsted Township, Ohio 44138

Malik Dahdouh, pro se
4591 Andrea Drive
North Olmsted, Ohio 44070

**For State Of Ohio Department Of Taxation**

Mike DeWine
Ohio Attorney General
150 East Gay Street
Columbus, Ohio 43215

**For Woodgate Homeowners Association**

Frank J. Angell, Statutory Agent
180 East Broad Street, 16th Floor
Columbus, Ohio 43215

**For Cach L.L.C.**

CT Corporation System
1300 East 9th Street
Cleveland, Ohio 44114

LARRY A. JONES, SR., A.J.:

{¶1} Talmer Bank and Trust, successor by merger to First Place Bank, appeals from three trial court judgments in this consolidated appeal. The first judgment denied its motion to return order of sale without execution and to cancel the sheriff's sale (also referred to as the "motion to stay") (*Talmer Bank & Trust v. Schultz*, 8th Dist. Cuyahoga No. 103306). The second judgment denied its motion to vacate the sale (*Talmer Bank & Trust v. Schultz*, 8th Dist. Cuyahoga No. 103432). And the third judgment denied the joint motion of the bank, the homeowners (defendants-appellees Darren and Lynn Schultz), and the third-party purchaser (Malik Dadouh) to vacate confirmation of the sale (*Talmer Bank & Trust v. Schultz*, 8th Dist. Cuyahoga No. 103545). We reverse the trial court's judgments.

**Procedural and Factual History**

{¶2} In January 2015, Talmer Bank and Trust filed this foreclosure action against homeowners Darren and Lynn Schultz, seeking to foreclose on their Olmsted Township house. The trial court issued a standing order, which, among other things, provided the following:

> (1) In the event the debtor enters into a forbearance agreement, loan modification, payment plan or any other similar settlement with the plaintiff, whether it is before judgment or after judgment, the plaintiff must notify the court of said agreement within 14 days of entering such an agreement. Failure to notify the court of such an agreement will result in a show cause hearing.

(2)   In the event the court awards plaintiff with a judgment and/or decree of foreclosure, plaintiff is ordered to provide the clerk and/or sheriff with all necessary documents to trigger the sale of the within property within 30 days of the date of the court's judgment.   Failure to do so will result in the court vacating any judgment and/or decree or foreclosure and dismissing the case without prejudice for failure to comply.   * * *.

{¶3} In April 2015, the bank filed a motion for default judgment against the Schultzes.   The court set the matter for a May 6, 2015 pretrial hearing.   Counsel for the bank appeared at the hearing, but the defendants did not.   The trial court granted the bank's unopposed motion for default judgment, and reiterated its order to the bank to provide all the necessary documentation to trigger the sale within 30 days.   The court's order was memorialized in a journal entry of the same date, May 6, 2015.

{¶4} On May 14, 2015, counsel for the bank filed a praecipe for order of sale; the sheriff's sale was thereafter set for July 6, 2015.   On July 1, 2015, counsel for the bank filed a motion to return order of sale without execution and cancel the July 6, 2015 sheriff's sale.    As grounds for the motion, the bank stated that it was "engaged in settlement negotiations with the property owner * * * [and] [t]he parties are discussing * * * loan modification."   On July 6, 2015, the date of the sale, the court issued a judgment denying the bank's motion, stating "insufficient reason provided."

{¶5} The sheriff's sale took place on July 6 as scheduled.[1]   The order of sale was returned on July 7, 2015, and on July 14, 2015, the court issued an order, which provided

---

[1]The bank asserts that the judgment denying the motion to stay was issued after the sale had already taken place.

in part that a "party may redeem before confirmation of sale. Nothing in this order prevents the court from staying the confirmation of sale to permit a property owner additional time to redeem."

{¶6} On July 15, 2015, counsel for the bank filed a motion to vacate the sale. In its motion, the bank contended that, under 12 C.F.R. 1024.41(g), because of the attempted settlement negotiations it had been in with the homeowners, it was not permitted to proceed with the foreclosure. The bank submitted the affidavit of its vice president in support of its motion. The vice president averred, in part, that "on May 6, 2015, a streamline loan modification file review was activated regarding the loan," that a "complete loss mitigation application has been received from Darren W. Schultz," and that "instructions were provided to Plaintiff's attorney on June 30, 2015 to place the foreclosure on hold and cancel the July 6, 2015 sheriff's sale." The trial court denied the bank's motion without explanation. The court confirmed the sale in August 2015.

{¶7} On September 9, 2015, the Schultzes (homeowners), Malik Dahdouh (third-party purchaser), and the bank filed a joint motion to vacate the confirmation of sale, all contending that they did not want the sale to remain intact. The court denied the motion on the ground that "an insufficient reason [was] provided to the court." The bank now presents the following assignments of error for our review:

> I. The trial court improperly denied Plaintiff/Appellant, Talmer Bank and Trust Successor by Merger to First Place Bank's Motion to Stay Execution of Judgment and Cancel the July 6, 2015 Sheriff's Sale as Talmer was prohibited by federal law from going forward with the July 6, 2015 Sheriff's Sale.

II.   The trial court abused its discretion in denying Talmer's Motion to Vacate the July 6, 2015 Sheriff's Sale despite the equities in this case being in favor of vacating said sale.

III.   The trial court abused its discretion in confirming the July 6, 2015 Sheriff's Sale despite the equities in this case being in favor of vacating said sale.

IV.   The trial court abused its discretion in denying the joint motion of all interested parties to vacate the Confirmation of Sale pursuant to Ohio Rule of Civil Procedure 60(B)(4) and (5) despite the equities in this case being in favor of vacating said Order as all interested parties, having settled the case, wanted the confirmation of sale vacated.

**Law and Analysis**

**{¶8}** For its first assignment of error, the bank contends that the trial court erred by denying its motion to stay execution of judgment and cancel the sheriff's sale.   According to the bank, under federal law, it was required to consider the Schultzes' complete loss mitigation application and, therefore, not go forward with the July 6, 2015 sheriff's sale.

**{¶9}** The bank cites 12 C.F.R. 1024.41(g) in support of its contention.   That federal regulation governs loss mitigation procedures and provides in relevant part as follows:

(g) Prohibition on foreclosure sale.   If a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless:

(1) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has

been denied;

(2) The borrower rejects all loss mitigation options offered by the servicer; or

(3) The borrower fails to perform under an agreement on a loss mitigation option.

**{¶10}** The record here is not clear whether the Schultzes submitted a complete loss mitigation application more than 37 days before the July 6, 2015 sheriff's sale. The bank's vice president averred in her affidavit that "on May 6, 2015, a streamline loan modification file review was activated." She further averred that a "complete loss application has been received from Darren W. Schultz," but did not state the date that the application was received. Thus, it is not clear whether 12 C.F.R. 1024.41(g) applied in this case.

**{¶11}** Further, we note that the vice president's affidavit was attached to the bank's July 15, 2015 motion to vacate the sale, not the July 1, 2015 motion to stay the sale. The reason given by the bank for the July 1 motion was that the bank was "engaged in settlement negotiations with the property owner * * * [and] [t]he parties are discussing * * * loan modification."

**{¶12}** The bank contends that based on the application of the federal regulation, we are required to review the court's decision on the motion to stay de novo.[2] But because it

_____

[2]The bank cites *Brownlee v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 97707, 2012-Ohio-2212, in which this court stated that the "abuse of discretion standard of review has no application in the context of the court deciding to stay proceedings pending the outcome of arbitration because a stay in such circumstances is mandatory, not discretionary." *Id.* at ¶ 9, citing *N. Park Retirement Community Ctr., Inc. v. Sovran Companies, Ltd.*, 8th Dist. Cuyahoga No. 96376,

is not clear whether 12 C.F.R. 1024.41(g) applied here, we review as we generally would when considering the denial of a motion for stay — for an abuse of discretion. *See Wells Fargo Bank, N.A. v. Fields*, 8th Dist. Cuyahoga Nos. 101814 and 101985, 2015-Ohio-4580, ¶ 32.

**{¶13}** Thus, we next consider whether the trial court abused its discretion in denying the bank's motion to stay given the court's standing order. That order provided that if the debtor entered into any type of settlement agreement or plan with the plaintiff, "whether it is before judgment or after judgment," the plaintiff must notify the court within 14 days of the agreement or plan. The order further provided that failure to notify the court of such an agreement or plan would result in a show cause hearing.

**{¶14}** As noted, the bank's ground for its motion to stay was that the parties were in settlement negotiations and discussing loan modification; it was not grounded on an actual agreement. Nonetheless, we find that on its given reason for denying the motion, i.e., "insufficient reason provided," the court abused its discretion.[3] The trial court's standing order was a perfectly reasonable attempt to efficiently control its docket. *See Chou v. Chou*, 8th Dist. Cuyahoga No. 80611, 2002-Ohio-5335, ¶ 38. But it should not be so rigidly applied to work an injustice, especially in a case like this, where there is no evidence of delay, harrassment, or any other improper motive on the part of the party

2011-Ohio-5179, ¶ 7.

[3]If the sale had already taken place when the court ruled on the motion, as the bank asserts was the case, the court could have denied the motion as moot and set the matter for a hearing to pursue further proceedings, i.e., vacating the judgment.

requesting the stay, and there would be no prejudice to other parties (quite the opposite for the Schultzes). "Once a trial court determines that foreclosure is legally sound, 'it must then consider the equities of the situation in order to decide whether foreclosure is appropriate.'" *Christopher Michael Homes, LLC v. Treillage Residence Owners' Assn.*, 12th Dist. Butler No. CA2013-12-238, 2014-Ohio-4754, ¶ 25, quoting *U.S. Bank, N.A. v. Bryant*, 12th Dist. Butler No. CA2012-12-266, 2013-Ohio-3993, ¶ 7.

{¶15} In light of the above, the first assignment of error is sustained.

{¶16} The bank's second, third and fourth assignments of error challenge the trial court's judgments (1) denying its motion to vacate the sale (second assignment), (2) confirming the sale (third assignment), and (3) denying the joint motion of the parties and third-party purchaser to vacate the confirmation of sale (fourth assignment). We also review these three assignments of error for an abuse of discretion.[4] We find merit to all three assignments. As mentioned, because foreclosure is equitable relief, just because the legal requirements have been met, does not mean that, as a matter of law, the foreclosure should proceed. *Christopher Michael Homes, LLC* at *id.* The record is clear that the bank no longer wanted to foreclose on the home because it was trying to negotiate a settlement with the Schultzes. Further, the third-party purchaser did not want the sale to stand.

{¶17} In light of the above, the second, third, and fourth assignments of error are

---

[4] *See Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 55, 563 N.E.2d 1388 (1990) (decisions on confirming or vacating judicial sale are left to the sound discretion of the trial court).

sustained.

**{¶18}** Judgments reversed; case remanded to the trial court with instructions to vacate the confirmation of sale.

It is ordered that appellant recover of appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
PATRICIA ANN BLACKMON, J., CONCUR