[Cite as *State ex rel. Blanchard Valley Health Assn. v. Bates*, 112 Ohio St.3d 146, 2006-Ohio-6520.]

THE STATE EX REL. BLANCHARD VALLEY HEALTH ASSOCIATION, APPELLEE, *v.*
BATES, JUDGE, APPELLANT.

[Cite as *State ex rel. Blanchard Valley Health Assn. v. Bates*, 112 Ohio St.3d
146, 2006-Ohio-6520.]

*Judgment granting writ of prohibition affirmed.*

(No. 2006-1286 ─ Submitted November 29, 2006 ─ Decided
December 27, 2006.)

APPEAL from the Court of Appeals for Lucas County,
No. L-06-1165, 2006-Ohio-2621.

_____

**Per Curiam.**

{¶ 1}  This is an appeal from a judgment granting a writ of prohibition to prevent a common pleas court judge from proceeding in a case pending on appeal. Common Pleas Court Proceedings

{¶ 2}  Appellee, Blanchard Valley Health Association ("Blanchard Valley"), is an Ohio nonprofit corporation that owns and operates Blanchard Valley Regional Health Center and other healthcare facilities in Hancock County, Ohio.  ProMedica Health System, Inc. ("ProMedica") is an Ohio nonprofit corporation that owns and operates hospitals and healthcare facilities in northwest Ohio and southeast Michigan.  In 1998, Blanchard Valley and ProMedica formed BVPH Ventures as an Ohio nonprofit corporation that they own jointly.

{¶ 3}  On February 23, 2006, ProMedica filed a complaint in the Lucas County Court of Common Pleas seeking the dissolution of BVPH Ventures pursuant to R.C. 1702.52(A)(4).  ProMedica claimed that judicial dissolution was warranted because the trustees of the joint venture were deadlocked in the

management of corporate affairs, and the voting members of the venture were unable to break the deadlock.

{¶ 4} The deadlocks were the subject of a subsequently filed action for declaratory judgment and injunctive relief by Blanchard Valley against ProMedica in the Hancock County Common Pleas Court. Blanchard Valley requested, inter alia, a judgment declaring that ProMedica could not unilaterally dissolve the joint venture and an order directing ProMedica to sell its interest in the joint venture to Blanchard Valley. On March 17, 2006, the Hancock County Court of Common Pleas entered a judgment staying the case while the parties pursued arbitration in accordance with their joint operating agreement.

{¶ 5} On May 5, 2006, Blanchard Valley filed a motion to stay the Lucas County case pursuant to R.C. 2711.02, pending completion of the arbitration between the parties ordered by the Hancock County court. On May 15, 2006, appellant, Judge James D. Bates of the Lucas County Court of Common Pleas, issued an order denying Blanchard Valley's motion for a stay pending arbitration. On May 16, 2006, Blanchard Valley filed a notice of appeal from Judge Bates's May 15 order.

{¶ 6} On May 17, Judge Bates informed Blanchard Valley that he did not believe that his May 15 order was appealable and that he thus intended to proceed with a May 24 trial scheduled in the corporate-dissolution case unless the court of appeals instructed him to stop. ProMedica filed a motion to dismiss the appeal for lack of a final appealable order, and the court of appeals subsequently denied the motion.

Prohibition Case

{¶ 7} On May 18, 2006, Blanchard Valley filed a complaint in the Court of Appeals for Lucas County for a writ of prohibition to prevent Judge Bates from proceeding with his scheduled trial in the corporate-dissolution case while

2

Blanchard Valley's appeal from Judge Bates's denial of the motion to stay was pending. Judge Bates filed a motion to dismiss.

{¶ 8} On May 23, 2006, the court of appeals granted the writ of prohibition preventing Judge Bates from proceeding in the underlying case pending the court's resolution of Blanchard Valley's appeal.

{¶ 9} In his appeal as of right, Judge Bates asserts that the court of appeals erred in granting the writ of prohibition. In order to have been entitled to the writ, Blanchard Valley had to establish that (1) Judge Bates was about to exercise judicial power, (2) the exercise of this power was unauthorized by law, and (3) denial of the writ would cause injury for which no other adequate remedy in the ordinary course of law existed. *State ex rel. Brady v. Pianka*, 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, ¶ 7. It is uncontroverted that without the writ, Judge Bates would have proceeded to trial in the underlying case. Therefore, Blanchard Valley established the first requirement for the writ.

{¶ 10} For the remaining requirements, when a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, a writ of prohibition will issue to prevent the further unauthorized exercise of jurisdiction and to correct the results of prior unauthorized actions. *State ex rel. Russo v. McDonnell*, 110 Ohio St.3d 144, 2006-Ohio-3459, 852 N.E.2d 145, ¶ 22. In these cases, the availability of alternate remedies like appeal is immaterial. *State ex rel. Florence v. Zitter*, 106 Ohio St.3d 87, 2005-Ohio-3804, 831 N.E.2d 1003, ¶ 16.

{¶ 11} The court of appeals held that Judge Bates patently and unambiguously lacked jurisdiction to consider the merits of the corporate-dissolution case because of Blanchard Valley's pending appeal from his order denying the motion to stay the proceedings. Blanchard Valley's motion for a stay pending arbitration was based on R.C. 2711.02, which provides:

{¶ 12} "(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is

pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

**{¶ 13}** "(C) Except [when dealing with commercial-construction contracts], *an order* under division (B) of this section *that grants or denies a stay of a trial pending arbitration*, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, *is a final order and may be reviewed, affirmed, modified, or reversed on appeal* pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." (Emphasis added.)

**{¶ 14}** Blanchard Valley specifically sought a stay pending arbitration pursuant to R.C. 2711.02(B). Therefore, Judge Bates's denial of the motion constituted a final appealable order under R.C. 2711.02(C).

**{¶ 15}** "[W]e have consistently held that once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." *State ex rel. Rock v. School Emps. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8; see, also, *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9; *Florence*, 106 Ohio St.3d 87, 2005-Ohio-3804, 831 N.E.2d 1003, ¶ 29.

**{¶ 16}** Judge Bates's claim that the issues raised in the underlying case are not referable to arbitration addresses the merits of whether he properly denied Blanchard Valley's motion for a stay pending arbitration. Proceeding with the trial in the underlying case would have been inconsistent with the court of

appeals' jurisdiction to review the propriety of Judge Bates's judgment denying the motion for a stay pending arbitration.

{¶ 17} Therefore, the court of appeals correctly held that Judge Bates patently and unambiguously lacked jurisdiction to proceed in the underlying case pending the appeal. Based on the foregoing, Blanchard Valley established its entitlement to the writ. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

_____

Kerger & Associates and Richard M. Kerger; Zeiger, Tigges & Little, L.L.P., John W. Zeiger, and Steven W. Tigges, for appellee.

Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell, Assistant Prosecuting Attorney, for appellant.

_____