JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Herbert Schmidt ("Schmidt"), appeals the trial court's denial of his motion to vacate. For the following reasons, we dismiss this appeal as untimely.
 {¶ 2} In 2005, Schmidt sold his house. Defendant-appellee, Bankers Title and Escrow Agency, Inc. ("Bankers Title"), served as the title and escrow agent. In 2006, Schmidt filed suit against Bankers Title and several other defendants connected to the sale, alleging that proceeds from the sale of the house had been unlawfully withheld from him. Bankers Title, the only defendant that is a party to this appeal, filed a motion to stay litigation pending arbitration. Schmidt failed to oppose the motion to stay and, on July 21, 2006, the trial court granted the motion.
 {¶ 3} Schmidt did not appeal the trial court's decision granting the motion to stay. Instead, he filed a "motion to vacate order for stay pending arbitration." The trial court denied the motion finding, in part, that "the binding arbitration agreement addendum to the parties' purchase agreement, which was signed by the plaintiff, requires that this case be stayed pending arbitration pursuant to R.C. 2711.02(B). Plaintiff's motion to vacate this court's order for stay is accordingly denied."
 {¶ 4} On October 10, 2006, Schmidt filed his notice of appeal in this court, stating that he was appealing the trial court's decision to deny his motion to vacate. Bankers Title filed a motion to dismiss, arguing that Schmidt's appeal was untimely and the trial court lacked jurisdiction to entertain his Civ.R. 60(B) motion to vacate. In his response to the motion to dismiss, Schmidt argued the following: *Page 4 
 "Appellee attempts to * * * mischaracterize appellant's motion to vacate as a motion under Civil Rule 60(B), which it is not. Civil Rule 60 is not referenced either explicitly or implicitly within the motion to vacate; and the arguments made in the motion to vacate have to do with the trial court's basis for its order, not mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud, as in a Rule 60(B) motion."
 {¶ 5} We denied the motion to dismiss filed by Bankers Title.
 {¶ 6} In his appeal, Schmidt raises three assignments of error, in which he challenges the denial of his motion to vacate. Schmidt's assignments of error read as follows:
 "1. The trial court erred in denying appellant's motion to vacate stay pending arbitration when the party moving for the stay failed to submit sufficient, authenticated evidence of an arbitration agreement.
 2. The trial court erred in denying appellant's motion to vacate stay pending arbitration when the party seeking to enforce an alleged arbitration agreement was not a signatory to the agreement.
 3. The trial court erred when it denied plaintiff s-appellant['s] motion to vacate stay pending arbitration because the arbitration provision was unconscionable and thus unenforceable."
 {¶ 7} We are cognizant that this court issued two interlocutory rulings denying the motion to dismiss. In Goldman v. TransportationLeasing, Inc. (Feb. 19, 1981), Cuyahoga App. No. 42480, we stated:
 "It is well established that a trial court has inherent power and authority to reconsider its own interlocutory rulings. See Olson v. Watson (App., 1936), 22 Ohio Law Abs. 118. Where reconsideration of an interlocutory ruling is in the *Page 5 
interests of justice, no rule of law, either statutory or court made, precludes a trial court from reconsidering rulings made during the course of a trial. See Wayne Cty. Natl. Bank v. Predmore-Henry Motor Co. (App., 1928), 7 Ohio Law Abs. 425.
 The promulgation of the Ohio Rules of Civil Procedure did not abrogate the trial court's inherent authority to reconsider its own interlocutory rulings. The Civil Rules were designed to eliminate impediments to the expeditious administration of justice and do not preclude a trial court from reconsidering an interlocutory decision * * *."
 {¶ 8} "Likewise, we know of no prohibition on an appellate court to reconsider its own interlocutory rulings." MDM Realty Ltd., et al. v.Progress Properties Partnership, et al., Cuyahoga App. Nos. 86937 and 88540, 2007-Ohio-3668.
 {¶ 9} For the following reasons, we find that Schmidt's notice of appeal was untimely filed, and the instant appeal should be dismissed.
 {¶ 10} R.C. 2711.02(C) provides that an order that grants or denies a stay of a trial of any action pending arbitration is a final order and may be reviewed, affirmed, modified, or reversed on appeal. SeeState ex rel. Blanchard Valley Health Assn. v. Bates,112 Ohio St.3d 146, 2006-Ohio-6520, 858 N.E.2d 406. App.R. 4(A) provides that a "party shall file the notice of appeal required by App.R. 3 within thirty days" of the entry of the judgment or order being appealed.
 {¶ 11} In the instant case, the trial court's July 21, 2006 journal entry granting the motion to stay proceedings pending arbitration was a final appealable order. *Page 6 
Thus, Schmidt had thirty days in which to file a notice of appeal if he intended to challenge the trial court's decision.
 {¶ 12} "Under Ohio law, once a trial court has entered a final judgment in a matter * * * a party's options for legal recourse become significantly limited." Avon Lake Sheet Metal Co. v. Huntington Envtl.Sys., Lorain App. No. 03CA008393, 2004-Ohio-5957. "A motion seeking relief from the judgment of the trial court, that is premised on law and facts that were available to the trial court at the time it made its decision, is the functional equivalent of a motion to reconsider a final, appealable judgment." Id. citing Teamsters Local Union No. 507 v.Nasco Indust, Inc. (Nov. 22, 2000), Medina App. No. 3064-M.
 {¶ 13} The Ohio Rules of Civil Procedure limit relief from judgments to motions expressly provided for within the same Rules. Pitts v. OhioDept. of Transp. (1981), 67 Ohio St. 2d 378, 380, 423 N.E.2d 1105. The Rules allow for relief from final judgments by means of Civ. R. 50(B) (motion notwithstanding the verdict), Civ. R. 59 (motion for a new trial), and Civ. R. 60(B) (motion for relief from judgment). Id. The Rules do not, however, prescribe motions for reconsideration after a final judgment in the trial court. Id. at paragraph one of the syllabus. Accordingly, motions for reconsideration of a final judgment in the trial court are a nullity. Id. at 380.
 {¶ 14} In the instant case, Schmidt filed a motion captioned "Motion to Vacate Order for Stay Pending Arbitration." Bankers Title argued in its motion to dismiss that Schmidt used Civ.R. 60(B) as a substitute for a direct appeal. "It is axiomatic that *Page 7 
Civ.R. 60(B) may not be used as a substitute for a direct appeal."Doe v. Trumbull Cty. Children Services Bd. (1986), 28 Ohio St.3d 128,131, 502 N.E.2d 605.
 {¶ 15} Schmidt specifically argued in his reply to the motion to dismiss that his motion to vacate in the trial court was not a Civ.R. 60(B) motion. Instead, he claimed that his arguments involved "the trial court's basis for its order." A review of the motion to vacate shows that Schmidt alleged no Civ.R. 60(B) grounds in his motion and gave no explanation as to why said motion was more appropriate than a direct appeal. We find that Schmidt's motion to vacate is the functional equivalent of a motion for reconsideration of a final order, which is a nullity. Simply stated, Schmidt's counsel created a legal fiction with the motion to vacate, which merely requested reconsideration of the prior ruling. See Pitts, supra at 381.
 {¶ 16} Schmidt is attempting to utilize the instant appeal to improperly seek review of alleged errors which he failed to timely appeal. As we stated in State v. Church (Nov. 2, 1995), Cuyahoga App. No. 68590:
 "This type of `bootstrapping' to wit, the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order."
 {¶ 17} Therefore, we hold that the motion to vacate the July 21 ruling will not lie, and all judgments or final orders from said motion are a nullity. Because Schmidt's *Page 8 
motion to vacate did not toll the appeal time on the July 21 judgment granting the stay, the notice of appeal filed on October 10 is untimely. Because Schmidt failed to timely appeal the trial court's order granting the stay pending arbitration, we lack jurisdiction to consider this appeal.
 {¶ 18} Accordingly, the appeal is dismissed.
It is ordered that appellees recover of appellant the costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, J. AND MARY EILEEN KILBANE, J. CONCUR *Page 1