[Cite as *State v. Richard*, 2016-Ohio-5927.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 103650**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DONALD RICHARD, JR.

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-98-358885-ZA

**BEFORE:** E.T. Gallagher, P.J., Boyle, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** September 22, 2016

**ATTORNEY FOR APPELLANT**

Jeffry F. Kelleher
Jeffry F. Kelleher & Associates, Co.
323 West Lakeside Avenue, Suite 300
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Gregory J. Ochocki
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Donald Richard, Jr. ("Richard"), appeals the denial of his Civ.R. 60(B) motion for relief from judgment and raises two assignments of error. Richard's appellate counsel raised the following assignment of error:

> The trial court erred when it denied (almost thirteen (13) years after it was filed) appellant's pro se, Civ.R. 60(B)(5) motion without holding a hearing even though it could not locate the actual motion.

With leave of court, Richard, pro se, filed a separate brief and raised the second assignment of error:

> The trial court abused its discretion to the prejudice of the appellant when erroneously denying appellant's postconviction motion for relief from judgment, pursuant to the catch-all provision of the Ohio Rules of Civil Procedure 60(B)(5) for fraud upon the court, without first conducting an evidentiary hearing when the prosecutor tampered with evidence causing a false witness to give perjured testimony, and did not correct the false testimony; and bribing others to provide false testimonies against Richard.

{¶2} We find no merit to the appeal and affirm.

## I.  Facts and Procedural History

{¶3} In February 1998, Richard was charged with one count of attempted murder, in violation of R.C. 2903.02 and 2923.02, with firearm and repeat violent offender specifications.  The charge resulted from a road rage incident in which Robert Smitherman ("Smitherman") was shot.  Police investigation revealed the gunshots that struck the victim were fired from a vehicle occupied by Richard, Cheryl Dillon ("Dillon"), and Reginald Lopez ("Lopez").

{¶4} The parties entered into a plea agreement in the middle of trial. Richard pleaded guilty to attempted murder pursuant to the plea agreement, which also resolved charges against Richard in two other criminal cases. The court sentenced Richard to a ten-year prison term, to be served concurrently with the sentences imposed on his convictions in the other cases.

{¶5} Richard filed a direct appeal of his attempted murder conviction, challenging his plea and sentence. This court affirmed Richard's conviction and sentence in *State v. Richard*, 8th Dist. Cuyahoga No. 74814, 1999 Ohio App. LEXIS 5295 (Nov. 10, 1999). Nevertheless, while the appeal was pending, Richard filed a motion to withdraw his guilty plea in the trial court. In the motion, which was filed in August 1998, Richard argued the prosecutor obstructed justice and committed a fraud upon the court by procuring "the false testimony of Ms. Cheryl Dillon." He also asserted he was wrongfully identified as the shooter because the police report of the incident indicated the suspect driver was Hispanic and Richard is caucasian "with blond hair and green eyes."

{¶6} Richard submitted affidavits in support of the motion, including an affidavit from Cheryl Dillon ("Dillon"). In Dillon's affidavit, she averred that she promised the prosecutor in Richard's case that she would identify Richard at trial as the driver of the car in exchange for the prosecutor's promise to influence the judge presiding over a criminal case against her in Lorain County. According to Dillon, Lopez drove the vehicle involved in the shooting and exchanged angry words with the driver of the other car. Specifically, Dillon's affidavit states:

4) * * * I heard what sounded like a gunshot and ducked down in the back seat, as did my sister and Donnie Richard, who were also in the back seat;

5) * * * Reginald Lopez pulled away from the traffic light and the arguing continued between Reginald Lopez and the occupants of the other car;

6) * * * [F]ollowing a high speed chase, Reginald Lopez stopped his vehicle and I heard several more gunshots and Reginald Lopez drove away and dropped my sister * * * and I off at home;

7) * * * I never heard anything about the above incident until I was interviewed by police and a county prosecutor on or about June 2, 1998, where the prosecutor stated to me: "that if I would cooperate and testify that Donnie Richard was the driver in the above incident, she would have some influence with my judge in Lorain County; but if I did not cooperate[,] she would still have influence with my judge in Lorain County, where I was facing a two years sentence in prison;

8) * * * I agreed to testify that Donnie Richard was the driver, with the prosecutor's promise that I would not have to go to prison in the Lorain County matter;

9) * * * I was never brought to any courtroom to testify, but I was sentenced to prison in Lorain County; and I thought that since I did not testify[,] the prosecutor never kept her promise that she would influence my judge not to sen[d] me to prison[.]

{¶7} The trial court denied Richard's motion to withdraw his guilty plea, and Richard again appealed. This court affirmed the trial court's judgment on grounds that the trial court lacked jurisdiction "regarding all but collateral issues in the cases." *See State v. Richard*, 8th Dist. Cuyahoga Nos. 76984 and 76985, 2000 Ohio App. LEXIS 1371 (Mar. 30, 2000). Accordingly, Richard filed a petition for postconviction relief, supported by two affidavits; one from a private investigator, Thomas A. Maloney ("Maloney"), and the second from Lopez. Maloney averred in his affidavit that he visited Lopez in prison and that Lopez admitted that he shot Smitherman. Lopez stated

in his affidavit that a prosecutor and detectives promised him that if he testified against Richard, he (Lopez) would not be charged. Richard further argued in the petition:

> Petitioner was unavoidably prevented from presenting his evidence as (1) he had no idea that Lopez was firing a gun on the night in question, and (2) he had no idea that Lopez would be willing to admit to shooting Smitherman. Petitioner's only knowledge concerning Mr. Lopez is that Mr. Lopez was the driver of the vehicle on the night in question.

{¶8} The trial court denied Richard's petition, and Richard, once again, appealed. In affirming the trial court's judgment, this court held that Richard's petition was untimely and that

> [a] review of the record and of the affidavits presented by the appellant all fail to demonstrate that he was unavoidably prevented from discovering this new information. The appellant has not demonstrated how he was prevented from obtaining the testimony of Reggie Lopez who, according to the affidavits in the record, was driving the vehicle in which the appellant was riding on the night of the shooting. Lopez was available to appellant at the time of his trial, as was his testimony, whether in favor of the appellant or against.

*State v. Richard*, 8th Dist. Cuyahoga No. 79964, 2002 Ohio App. LEXIS 1529, *8 (Apr. 4, 2002).

{¶9} Less than nine months later, in December 2002, Richard filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5), arguing that the prosecutor "bribed Dillon to falsely portray herself as a witness, by promising Dillon that she * * * would have influence over Dillon's pending probation violation matter in Lorain County." Richard also again argued that Lopez admitted he was the shooter in the road rage incident. Thirteen years later, in September 2015, the trial court denied the motion. Richard now appeals from that judgment.

## II. Law and Analysis

{¶10} In Richard's two assigned errors, he argues the trial court erred in denying his Civ.R. 60(B)(5) motion for relief from judgment without holding a hearing. He contends his guilty plea should be vacated because it was procured by fraud.

{¶11} Civ.R. 60(B), a rule of civil procedure, may be applied to criminal cases by virtue of Crim.R. 57(B), which allows a criminal court to look to the Ohio Rules of Civil Procedure when no appropriate criminal rule exists. *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 10. However, the criminal rules provide a procedure for seeking relief from Richard's attempted murder conviction; a petition for postconviction relief under Crim.R. 35 and R.C. 2953.21. Indeed, Richard filed a petition for postconviction relief in which he made the very same arguments presented in his Civ.R. 60(B) motion.

{¶12} "'A motion seeking relief from the judgment of the trial court, that is premised on law and facts that were available to the trial court at the time it made its decision, is the functional equivalent of a motion to reconsider a final, appealable judgment.'" *Schmidt v. Bankers Title & Escrow Agency, Inc.*, 8th Dist. Cuyahoga No. 88847, 2007-Ohio-3924, ¶ 12, quoting *Avon Lake Sheet Metal Co. v. Huntington Environmental Sys.*, 9th Dist. Lorain No. 03CA008393, 2004-Ohio-5957, ¶ 11. The Ohio Rules of Civil Procedure do not permit motions for reconsideration after a final judgment in the trial court. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 423

N.E.2d 1105 (1981), paragraph one of the syllabus. Therefore, the trial court properly overruled Richard's Civ.R. 60(B) motion.

**{¶13}** Moreover, res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus; *State v. Blalock*, 8th Dist. Cuyahoga No. 94198, 2010-Ohio-4494, ¶ 19. *See also State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59 (Res judicata bars the assertion of claims in a motion to withdraw a guilty plea that were, or could have been, raised in a prior proceeding.).

**{¶14}** All the arguments raised in Richard's Civ.R. 60(B) motion were previously raised in his petition for postconviction relief, and we affirmed the trial court's judgment denying it. *Richard*, 8th Dist. Cuyahoga No. 79964, 2002 Ohio App. LEXIS 1529, *8 (Apr. 4, 2002). Therefore, Richard's arguments are barred by res judicata, and there was no need for the trial court to hold a hearing.

**{¶15}** Accordingly, both of Richard's assignments of error are overruled.

**{¶16}** The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR