[Cite as *Goldstein v. Saber Healthcare Group, L.L.C.*, 2024-Ohio-2259.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MICHAEL GOLDSTEIN,
ADMINISTRATOR OF THE ESTATE  :
DEBRA FERGUSON, DECEASED,

                               :

      Plaintiff-Appellant,

                               :        No. 112907

      v.

                               :

SABER HEALTHCARE GROUP, LLC,
D.B.A. HIGHLAND POINTE HEALTH  :
& REHABILITATION CENTER, ET AL.,

                               :

      Defendants-Appellees.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** June 13, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-939351

---

### *Appearances:*

Mishkind Kulwicki Law Co., L.P.A., and David A. Kulwicki; Flowers & Grube, Paul W. Flowers, and Kendra N. Davitt, *for appellant.*

Marshall Dennehey, Leslie M. Jenny, Tracey S. McGurk, and Travis D. Huffman, *for appellee.*

ANITA LASTER MAYS, J.:

{¶ 1} Plaintiff-appellant Michael Goldstein ("Goldstein"), Administrator of the estate of Debra Ferguson, deceased ("Ferguson") (collectively "appellant"), appeals the trial court's judgment granting the motion to stay the proceedings and compel arbitration of defendant-appellee Saber Healthcare Group LLC ("Saber") d.b.a. Highland Pointe Health & Rehabilitation Center ("Highland") (collectively "appellee"). After a thorough review of the record and law, this court vacates the May 25, 2023 judgment staying the case for arbitration and remands the case for further proceedings pursuant to law and this opinion.

## I.   Background and Facts

{¶ 2} On October 20, 2020, Goldstein filed a complaint against appellee, University Hospitals Health System, Inc., ("University") and Certified Nurse Practitioner Marilyn Rowley ("CNP Rowley") for professional negligence, wrongful death, and violation of R.C. 3721.13 of the Ohio Nursing Home Patients' Bill of Rights, R.C. 3721.10 through 3721.17. Appellant alleged that appellee failed to diagnose Ferguson's septic condition on October 10, 2019. On October 21, 2019, Ferguson was transferred to defendant University, attended by staff including CNP Rowley, and succumbed seven days later.

{¶ 3} On January 29, 2021, the appellee moved to compel arbitration and stay the proceedings under R.C. 2711.02 and 2711.23 based on the Resident and Facility Arbitration Agreement ("Arbitration Agreement") submitted with the motion. The agreement was e-signed by "Highland Pointe Health & Rehab Center -

SNF" on October 8, 2019, at 13:54:38 GMT. Ferguson's signature included a stamped or printed date of October 8, 2019, but no GMT entry. On April 1, 2021, Goldstein argued in opposition that "(1) the arbitration clause did not apply to multiparty litigation, (2) the Decedent's heirs at law could not be bound by the agreement, and (3) equitable principles precluded the agreement from being enforced." Appellee replied on April 8, 2021.

{¶ 4} On April 5, 2021, appellant filed for leave to amend the complaint to add High Pointe Health & Rehabilitation Center, L.L.C. ("High Pointe") as a defendant based on its state registered ownership of the trade name "Highland Pointe Health and Rehabilitation Center." Appellee was retained as a defendant based on the appellee's purported ownership of Highland until true ownership could be established. The amendment was granted on August 27, 2021, and made effective by the date of filing. On July 1, 2021, the claims against CNP Rowley were dismissed without prejudice.

{¶ 5} On March 13, 2022, the trial court denied the motion to stay and compel arbitration and scheduled a telephone conference for the parties on April 12, 2022, at 11:00 a.m. On April 11, 2022, appellee moved for reconsideration of the denial on the grounds that the trial court failed to conduct a hearing. On April 14, 2022, the trial court journalized that the April 12, 2022 telephone conference was conducted regarding briefing for the reconsideration motion and that "[p]laintiff's counsel subsequently notified the court that he would not oppose defendant's motion to reconsider." Journal Entry No. 122677448 (Apr. 1, 2022). Appellant

contends he stated during the April 12, 2022 conference that he did not object to a hearing and the trial court requested dates. The trial court also acknowledged that appellee filed a notice of appeal on April 13, 2022, and stayed the case pending appeal. 8th Dist. Cuyahoga No. 111435.

{¶ 6} On June 13, 2022, this court ordered appellee to show cause why the appeal should not be dismissed as untimely pursuant to App.R. 4(A)(1). 8th Dist. Cuyahoga No. 111435, motion No. 555647 (June 13, 2022). On June 27, 2022, appellee voluntarily dismissed the appeal, and the action was returned to the trial court's docket.

{¶ 7} On November 24, 2022, the hearing for reconsideration of the motion to compel arbitration was set for November 28, 2022. On December 18, 2022, it was rescheduled to December 28, 2022, and on December 28, 2022, the hearing was cancelled. There is no indication in the record that the continuances were requested by the parties.

{¶ 8} On May 25, 2023, without a hearing, the trial court ordered:

Reconsideration regarding defendant's motion to stay and compel arbitration is granted. This matter is stayed pending arbitration. The court is not required to hold a hearing as the motion was filed under R.C. 2711.02, which does not have an express hearing requirement. *Brownlee v. Cleveland Clinic Found.*, 2012-Ohio-2212 (8th Dist.).

Journal Entry No. 147677547 (May 25, 2023).

{¶ 9} On June 23, 2023, appellant appealed.

## II.  Assignment of Error

{¶ 10} Appellant assigns a single error for consideration: The trial court erred as a matter of law by reconsidering the final order of March 13, 2022, and staying the action pending arbitration.

## III.  Discussion

{¶ 11}  Appellant argues that, because the March 13, 2022 order was and is a final order, the trial court lacked jurisdiction to reconsider it; the law-of-the-case doctrine applies; and the March 13, 2022 order determination was correct, so reconsideration was inappropriate.  We find that the trial court lacked jurisdiction.

{¶ 12} Appellee moved the trial court "to reconsider its ruling on Defendant's Motion to Stay and Compel Arbitration.  Further Defendant requests a hearing on the above referenced Motion as required under Ohio Revised Code Section 2711."  However, the attached memorandum makes no argument regarding the merits of the motion to stay.  It states only that "[p]ursuant to R.C. 2711, a trial court is 'explicitly required' to hold a hearing before denying a motion to compel arbitration." Recon. Motion, p. 2.  In support, appellee cited *Jarvis v. Lehr*, 1st Dist. Hamilton No. C-130832, 2014-Ohio-3567, and *Pyle v. Wells Fargo Fin.*, 10th Dist. Franklin No. 04AP-6, 2004-Ohio-4892. Both cases discussed R.C. 2711.02 and 2711.03, the latter of which expressly requires a hearing.[1]

---

[1] A party seeking to enforce an arbitration provision may choose to move for a stay under R.C. 2711.02, or to petition for an order for the parties to proceed to arbitration under R.C. 2711.03, or to seek orders under both statutes.  If, however, the party moves for a stay pursuant to R.C. 2711.02 without also petitioning under R.C. 2711.03, the trial judge's consideration is guided solely by R.C. 2711.02 without reference to R.C. 2711.03.

{¶ 13} Appellant argues here that the trial court did not have jurisdiction to reconsider the March 13, 2022 order rendering the May 25, 2023 order a legal nullity. We agree.

{¶ 14} "R.C. 2711.02(C) provides that an order that grants or denies a stay of a trial of any action pending arbitration is a final order and may be reviewed, affirmed, modified, or reversed on appeal." *Schmidt v. Bankers Title & Escrow Agency, Inc.*, 8th Dist. Cuyahoga No. 88847, 2007-Ohio-3924, ¶ 10, citing *State ex rel. Blanchard Valley Health Assn. v. Bates*, 112 Ohio St.3d 146, 2006-Ohio-6520, 858 N.E.2d 406. *See also Landa v. Campuseai, Inc.*, 2016-Ohio-298, 58 N.E.3d 462, ¶ 18 (8th Dist.); *Fazio v. Gruttadauria*, 8th Dist. Cuyahoga No. 90562, 2008-Ohio-4586.

{¶ 15} "'Under Ohio law, once a trial court has entered a final judgment in a matter * * * a party's options for legal recourse become significantly limited.'" *Id.* at ¶ 12, quoting *Avon Lake Sheet Metal Co. v. Huntington Environmental Sys.*, 9th Dist. Lorain No. 03CA008393, 2004-Ohio-5957.

---

Consequently, in that situation it is not necessary for a trial court to comply with the procedural requirements of R.C. 2711.03, since only R.C. 2711.02 is involved.

We hold that a trial court considering whether to grant a motion to stay proceedings pending arbitration filed under R.C. 2711.02 need not hold a hearing pursuant to R.C. 2711.03 when the motion is not based on R.C. 2711.03. While it is within a trial court's discretion to hold a hearing when considering whether a R.C. 2711.02 stay is warranted, that statute does not on its face require a hearing, and it is not appropriate to read an implicit requirement into the statute. *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7, ¶ 18-19.

{¶ 16} "'A motion seeking relief from the judgment of the trial court, that is premised on law and facts that were available to the trial court at the time it made its decision, is the functional equivalent of a motion to reconsider a final, appealable judgment.'" *Id.*, quoting *id.*, citing *Teamsters Local Union No. 507 v. Nasco Industries, Inc.*, 9th Dist. Medina No. 3064-M, 2000 Ohio App. LEXIS 5438 (Nov. 22, 2000).

{¶ 17} Motions that provide relief from final judgments are expressly limited by the Ohio Rules of Civil Procedure. *Id.* at ¶ 13, citing *Pitts v. Ohio Dept of Transp.*, 67 Ohio St.2d 378, 380, 423 N.E.2d 1105 (1981). "The Rules allow for relief from final judgments by means of Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial), and Civ.R. 60(B) (motion for relief from judgment)." *Id.*, quoting *id.* "The Rules do not, however, prescribe motions for reconsideration after a final judgment in the trial court." *Id.*, quoting *id.* at paragraph one of the syllabus. "Accordingly, motions for reconsideration of a final judgment in the trial court are a nullity." *Id.* at *id.* at 380.

{¶ 18} In *Green Tree Servicing LLC v. Kramer*, 193 Ohio App.3d 140, 2011-Ohio-1408, 951 N.E.2d 146 (2d Dist.), the court initially denied a motion to stay and compel arbitration of a counterclaim. *Id.* at ¶ 15, R.C. 2711.02(C). *Green Tree* asked the trial court to reissue its entry with Civ.R. 54(B) language. The trial court denied the motion  sua sponte but decided to sustain the motion to stay upon reconsideration, though no such motion was pending. *Id.* at ¶ 16. The appellate court held that the initial motion to stay had not been appealed and was a final

appealable order. "The trial court, therefore, had no ability to reconsider the order, and the further trial court order purporting to reconsider the issue of a stay to arbitrate was a nullity." *Id*. at ¶ 26.

{¶ 19} In the instant case, the March 13, 2022 order denying the motion to compel arbitration was a final appealable order that could only be modified pursuant to the Ohio Rules of Civil Procedure. This court agrees that ""[t]he Civil Rules do not provide for a motion for reconsideration of a final appealable order, * * * [and] this court has no jurisdiction to review the motion for reconsideration."" *Tedeschi v. Atrium Ctrs., L.L.C.,* 8th Dist. Cuyahoga No. 97647, 2012-Ohio-2929, ¶ 10, quoting *Manley v. Heather Hill, Inc.*, 175 Ohio App.3d 155, 2007-Ohio-6944, 885 N.E.2d 971, ¶ 29 (11th Dist.), quoting *Smith v. Manor Care of Canton, Inc.*, 5th Dist. Stark Nos. 2005-CA-00100, 2005-CA-00160, 2005-CA-00162, and 2005-CA-00174, 2006-Ohio-1182, ¶ 40-41.[2]

{¶ 20} The appellee argues that the appellant waived the right to object to reconsideration. This argument ignores the fact that the March 13, 2022 judgment is a final order, and a trial court lacks subject-matter jurisdiction to grant reconsideration of a final order. *Hawken School v. Norstrom*, 8th Dist. Cuyahoga

---

[2] Though *Tedeschi* acknowledged that the case was procedurally similar to *Green Tree Servicing,* it explained that the appellee in *Tedeschi* failed to argue "the finality of the order granting a stay" and did not "mention the trial court's inability to reconsider a final judgment absent a jurisdictional basis." *Tedeschi* at ¶ 11-13. The court decided "given this odd procedural quagmire, this court is left to scrounge around for some jurisdictional basis upon which to entertain the present appeal" and elected to treat the second motion to stay filing as a final order and heard the case under R.C. 2711.02(C). *Id*. at ¶ 14. That is not the case here.

No. 106295, 2018-Ohio-2302, ¶ 36, *Bethlenfalvy v. Sun Newspapers*, 8th Dist. Cuyahoga No. 76226, 2000 Ohio App. LEXIS 2104, 5 (May 18, 2000).

{¶ 21} "'It is well settled that a judgment rendered by a court that lacks jurisdiction is void ab initio.'" *Zacharias v. Medicore Transport Inc.*, 8th Dist. Cuyahoga No. 105413, 2017-Ohio-8171, ¶ 9, quoting *Patton v. Diemer*, 35 Ohio St.3d 68, 70, 518 N.E.2d 941 (1988). "'Further, subject matter jurisdiction may not be conferred upon a court by agreement of the parties, nor may lack of subject matter jurisdiction be waived.'" *Id.*, quoting *State ex rel. Lawrence Dev. Co. v. Weir*, 11 Ohio App.3d 96, 97, 463 N.E.2d 398 (10th Dist.1983). "Lack of subject matter jurisdiction may also be the basis for mandatory sua sponte dismissal by the courts." *Id.*

{¶ 22} Appellant's assigned error is sustained. The trial court lacked jurisdiction to issue the May 25, 2023 judgment staying the matter for arbitration and said judgment is void. The judgment is vacated, and the case is remanded to the trial court for further proceedings pursuant to law and consistent with this opinion.

## IV. Conclusion

{¶ 23} The trial court's judgment is vacated, and the case is remanded for further proceedings pursuant to this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR