[Cite as *In re E.R.*, 2024-Ohio-4840.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

IN RE:

    E.R.,

**CASE NO. 12-24-02**

ADJUDICATED DEPENDENT CHILD.

[MICHAEL R. - APPELLANT]        **O P I N I O N**
[CHARITY B. - APPELLANT]

IN RE:

    S.R.,

**CASE NO. 12-24-03**

ADJUDICATED DEPENDENT CHILD.

[MICHAEL R. - APPELLANT]        **O P I N I O N**
[CHARITY B. - APPELLANT]

**Appeals from Putnam County Common Pleas Court
Juvenile Division
Trial Court Nos. 20223004 and 20223005**

**Judgments Reversed**

**Date of Decision:  October 7, 2024**

**APPEARANCES:**

    *Howard Elliott* **for Appellant, Michael R.**

    *Misty Wood* **for Appellant, Charity B.**

    *Gary L. Lammers* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Father, Michael R. ("Father") and Mother, Charity B. ("Mother") bring these appeals from the judgment of the Court of Common Pleas of Putnam County, Juvenile Division, terminating their parental rights. Father claims on appeal that the Putnam County Department of Job and Family Services ("the Agency") failed to use reasonable efforts and in dismissing his case. Mother claims that the trial court's judgment was not supported by clear and convincing evidence. For the reasons set forth below, the judgments are reversed.

{¶2} Father and Mother are the parents of S.R. (born in 2010) and E.R. (born in 2013). The Agency's involvement with the family began in August of 2021, when reports were made that Mother was using methamphetamine and the children were living in filthy and unsafe conditions. The children were under a safety plan when they received a second report regarding Father. On February 2, 2022, the Agency filed complaints alleging that S.R. and E.R. were dependent and neglected children. Father was suspected of having mental health issues, but refused to utilize the services offered. Mother's drug use had already caused the removal of one child. Due to these issues, the Agency requested temporary custody of the children. The trial court granted an emergency order to remove the children and ordered the Agency to take temporary custody of the children. The trial court then appointed a guardian ad litem ("GAL") for the children. The trial court held an adjudicatory

hearing on February 28, 2022. The parents both admitted that the children were dependent and the trial court then made a finding that they were. The trial court determined that the Agency had made reasonable efforts to prevent the removal of the children from the home and that it was in the children's best interests to remain in the temporary custody of the Agency at that time. The hearing for disposition was held on April 14, 2022. The trial court ordered that the children remain in the temporary custody of the Agency.

{¶3} On June 5, 2023, the Agency filed a motion for permanent custody of the children. The motion was based upon 1) the belief that the children could not be placed with either parent due to their inability to provide a safe and stable home and 2) that the children had been in the custody of the Agency for more than 12 out of the past 22 consecutive months. Father filed a motion for legal custody of the children on June 20, 2023. Mother then filed a motion for legal custody of the children on August 7, 2023.

{¶4} On October 19, 2023, the Agency filed a motion to dismiss the children's cases because of time restrictions. The Agency also filed new motions for permanent custody based upon the same reasons as the prior case. Later that day, the trial court granted the motion and dismissed the complaints without prejudice. Father then filed a motion for immediate return of the children. On October 26, 2023, the trial court held a hearing on Father's motion and reversed the prior dismissal of the case.

{¶5} On February 26, 2024, the trial court held a hearing on the outstanding motions for custody. Following the hearing, the trial court granted the Agency's motion for permanent custody, and denied the motions of Mother and Father for legal custody. Father and Mother appealed from this judgment. On appeal, they raise the following assignments of error.

### Father's First Assignment of Error

**[Father] was prejudiced by the Agency's failure to use reasonable efforts to reunite the father with his children, requiring the permanency order to be vacated.**

### Father's Second Assignment of Error

**The trial court, when it had granted the State's motion to dismiss the case, and subsequently decided to set aside that order of dismissal and allow the case to continue, committed error by improperly reconsidering its prior order such that the cause needs to be remanded to the trial court for further proceedings.**

### Mother's Assignment of Error

**Clear and convincing evidence was not presented to prove the child could not be placed with Mother within a reasonable time.**

We will address Father's second assignment of error first.

{¶6} Father claims in the second assignment of error that the trial court erred by reconsidering its order granting the Agency's motion for a voluntary dismissal. The trial court dismissed these cases on October 19, 2023. No new complaints were filed by the Agency. "[I]n general, when a trial court unconditionally dismisses a case or a case has been voluntarily dismissed . . ., the trial court patently and

unambiguously lacks jurisdiction to proceed". *State ex rel. Hummel v. Sadler*, 2002-Ohio-3605, ¶ 22. Once a case has been voluntarily dismissed, the court is relieved of all jurisdiction over the matter and the action is treated as though it had never been commenced. *Helms v. Helms*, 2013-Ohio-183 (2d Dist.). Additionally, the "Ohio Rules of Civil Procedure do not provide a procedure for reconsideration by a trial court of its final judgment; therefore, any judgment entered in response to such a motion is a nullity." *Wilson v. Johnston*, 2002-Ohio-4690, ¶ 6 (3d Dist.).

**{¶7}** Here, the Agency moved for a dismissal of its cases and indicated that it would be refiling the complaints. The trial court then unconditionally granted the dismissal of the cases.[1] Once the voluntary dismissal was granted, the case was over and should have been treated as if it had never commenced. The trial court lost all jurisdiction to proceed in the dismissed cases once the unconditional grant of dismissal was made and any subsequent judgments entered are nullities. *Goldstein v. Saber Healthcare Group, LLC*, 2024-Ohio-2259 (8th Dist.) (holding that once a trial court has entered a final order, it lacks jurisdiction to reconsider that order).

**{¶8}** The Agency claims that the trial court erred by originally entering a simple dismissal as that is not one of possible dispositions permitted by statute. In *In re R.A.* (2007-Ohio-2997 (3d Dist.)) and *In re Young* (1996-Ohio-45), the trial

---

[1] The trial court's judgment entries were prepared by the Agency and consisted of one sentence. "Upon the Motion of the State of Ohio, and for good cause shown, the within action is hereby dismissed without court costs and without prejudice." Oct. 19, 2023 Judgment Entry.

court was found on appeal to have erred by issuing simple dismissals. If there had been an appeal which claimed that the trial court erred in issuing a simple dismissal of the complaint, we may have found it had done so based upon the case law. However, that is not the issue before us. The issue we have is whether the trial court erred by *sua sponte* reversing its dismissal. As noted above, once a trial court enters the dismissal on the record, it loses the jurisdiction to enter any further judgments in the dismissed cases. Any alleged errors of the trial court would need to be appealed. The Agency did not appeal the simple dismissal of its cases. Once the cases were dismissed, the Agency should have filed new complaints as it had indicated it was going to do.[2]

{¶9} Since the Agency did not file new complaints, these cases effectively ended on October 19, 2023, when the trial court unconditionally dismissed them at the request of the Agency. Thus, the judgments reversing the dismissal as well as the judgments granting the Agency's motion for permanent custody and denying the parents motions for legal custody are nullities and are vacated due to the trial court's lack of jurisdiction. The second assignment of error is sustained.

{¶10} Having found error prejudicial to the Appellants in Father's second assignment of error, Father's first assignment of error and Mother's assignment of

---

[2] The trial court has subject matter jurisdiction to consider a newly filed complaint, assuming the same facts as existed in the dismissed case.

Case No. 12-24-02

error are rendered moot and need not be addressed by this Court at this time.  App.R.

12(A)(1)(c)

{¶11} Having found error prejudicial to appellants, the judgments of the

Court of Common Pleas of Putnam County, Juvenile Division, are reversed.

*Judgments Reversed*

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**